```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

AYLEEN MERCED,                  :
                                :
     Plaintiff,                 :
                                :
     v.                         :     CASE NO. 3:11cv26(RNC)
                                :
JEMBRO NEW BRITAIN, LLC,        :
                                :
     Defendant.                 :
```

ORDER

By July 20, 2012, the plaintiff may file supplemental affidavits and/or other evidence in support of his request for attorney's fees.  "The reasonable hourly rate should be what a reasonable, paying client would be willing to pay given that such a party wishes to spend the minimum necessary to litigate the case effectively." Bergerson v. New York State Office of Mental Health, 652 F.3d 277, 289 (2d Cir. 2011)(quotation marks and citations omitted).  A fee applicant bears the burden "to produce satisfactory evidence — in addition to the attorney's own affidavits — that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Blum v. Stenson, 465 U.S. 886, 896 n.11 (1984). "In order to establish the prevailing rate in the community in which the action arose, one must provide the court with affidavits or other proof of the same." Petronella v. Acas, No.3:02CV01047(WWE)(HBF), 2004 WL 1688525, at *1 (D. Conn. Jan. 23, 2004).  "Ideally, evidence of the prevailing market rate should include affidavits from attorneys with similar

qualifications stating . . . the affiant's personal knowledge of specific rates charged by other lawyers for similar litigation, data about fees awarded in analogous cases, evidence of the fee applicant's rates during the relevant time period, and evidence submitted by other fee applicants in like cases." Wilder v. Bernstein, 975 F. Supp. 276, 281 (S.D.N.Y. 1997). See McInnis v. Town of Weston, 458 F. Supp.2d 7, 20 (D. Conn. 2006) (noting that "[t]here appears to be a great deal of variation in the case law awarding associate attorneys fees" and reducing requested rates where the affidavits "attest only in conclusory fashion" to the reasonableness of the requested rate without any reference to the prevailing rates for similarly situated associates); Sands Bros. & Co., Ltd. v. Nasser, No. 03 Civ. 8128(BSJ), 2004 WL 2980040, at *1 (S.D.N.Y. Mar. 5, 2004)(noting that defendant submitted evidence, in the form of affidavits from other attorneys, regarding the prevailing rates for attorneys with comparable experience).

SO ORDERED at Hartford, Connecticut this 2nd day of July, 2012.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge